UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| BILLY RAY SULLINS and<br>ANGELA DAWN SULLINS,<br><br>  Plaintiff,<br><br>v.<br><br>L. CPL. TROY EDENFIELD, *et al.*,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV415-101<br>(Consolidated with CV415-138) |

## ORDER

Proceeding *pro se*, plaintiff Billy Ray Sullins and his wife, Angela Dawn Sullins, brought this 42 U.S.C. § 1983 case against Garden City, Georgia police officers for violations of their Fourth Amendment rights. CV415-101, doc. 5 at 2; CV415-138, doc. 5. After the defendants answered (and Angela's separately filed case was consolidated into this case, CV415-101), they served discovery upon the plaintiffs but have received no response. They thus move to compel. CV415-101, doc. 20. Upon review, the Court finds the motion supported and the discovery (*e.g.*, interrogatories requesting the identities of eye witnesses, whether

Billy Ray Sullins has ever been convicted of a crime, etc., doc. 20-2 at 3) relevant and appropriate.

Plaintiffs, however, have failed to respond to the motion. *See* doc. 20) ("Responses due by 2/8/2016"). Because the defendants' motion is supported and unopposed per Local Rule 7.5 (no response means no opposition), it is **GRANTED**. Doc. 20. Plaintiffs' failure to respond to defendants' discovery within fourteen days after the date this Order is served will expose them to a recommendation of dismissal under abandonment and disobedience grounds. *See* L.R. 41(b).[1]

---

[1] In the Eleventh Circuit,

> the district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *See* Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987); *see also Betty K Agencies*, 432 F.3d at 1337.

*Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) (*Sua sponte* dismissal with prejudice of arrestees' pro se § 1983 action against law enforcement officers, which alleged that officers' execution of search warrant and seizure of property violated the Fourth Amendment, was proper where one of the plaintiffs had forged the other's signature on several documents filed with the court; court had advised plaintiffs that it suspected one of the signatures on several filings was not authentic and although they were provided with opportunity to explain the discrepancy, they failed to do so in sworn response); *see also* Local Rule 41(b) (authorizing dismissal for neglect of any Court order); *Williams v. Talladega Cmty. Action Agency*, 528 F. App'x 979, 980 (11th Cir. 2013) ("Here, the district court did not abuse its discretion in dismissing the case with prejudice when Williams did not comply with the order to re-file her

Defendants do not seek Fed. R. Civ. P. 37 sanctions for plaintiffs' failure to respond. Payment of expenses (including attorney's fees), however, typically is mandatory when, "after giving an opportunity to be heard," courts grant motions to compel. Fed. R. Civ. P. 37(a)(5)(A). Only if (1) "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;" (2) the failure to respond was justified; or (3) "other circumstances make an award of expenses unjust, may a court decline to award expenses to a prevailing party. *Id.*

None of those exceptions apply here and plaintiffs had their chance to be heard. Consequently, the Court **ORDERS** that they pay defendants' "reasonable expenses incurred in making" their motion to compel, "including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants must submit an itemized list of expenses and fees within fourteen days of the date this Order is served so the Court can evaluate their reasonableness and issue an expense award.[2]

---

complaint."); *Rogers v. Toombs Cty. Bd. of Educ.*, 2015 WL 3464126 at * 1 (S.D. Ga. May 6, 2015).

[2] Upon motion, courts can levy sanctions beyond fees and expenses against parties who, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fail[] to serve . . . answers, objections, or written

To summarize: Defendants' motion to compel is **GRANTED**. Doc. 20. Plaintiffs' failure to respond to defendants' discovery within fourteen days after the date this Order is served will expose them to a recommendation of dismissal under abandonment and disobedience grounds. *See* L.R. 41(b). Defendants, meanwhile, must submit an itemized list of expenses, including attorney's fees, within 14 days from the date this Order is served. Plaintiffs shall have 11 days after that filing to contest defendants' Rule 37 cost showing.

**SO ORDERED,** this  17th  day of February, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

responses." Fed. R. Civ. P. 37(d)(1). Those sanctions can include "rendering a default judgment against the disobedient party." *Id.* at (d)(3) & (b)(2)(A)(vi); *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("Rule 37(d) deals with sanctions used when a party fails to cooperate in discovery and "allows the court to strike out pleadings and render default judgment against the disobedient party."). If plaintiffs fail to comply with this Order and that noncompliance "is due to willful or bad faith disregard" for this Court's authority, *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986), the undersigned will not hesitate to recommend dismissal on these additional grounds. *Cf. Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (affirming this Court's imposition of a default judgment and other sanctions on a willfully disobedient defendant).